## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| 1.    TAMERA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-407-SPS |
| | ) | |
| 1.    STATE OF OKLAHOMA, *ex rel*, | ) | JURY TRIAL DEMANDED |
| DEPARTMENT OF | ) | ATTORNEY LIEN CLAIMED |
| TRANSPORTATION | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

## PARTIES

1.    The Plaintiff is Tamera Thomas, an adult resident of Okmulgee County, Oklahoma.

2.    The Defendant is the State of Oklahoma, *ex rel*, Department of Transportation, a state entity operating in Okmulgee County, Oklahoma.

## JURISDICTION AND VENUE

3.    Plaintiff's action are for gender discrimination and retaliatory termination after Plaintiff complained of such discrimination, in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act.

4.    Jurisdiction over the federal claims are vested in this Court under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.  The state law claims arise out of the same core of facts and jurisdiction over them are vested under 28 U.S.C. § 1367(c).

5.    All of the actions complained of occurred in Okmulgee County, Oklahoma, and the Defendant may be served in that county. Okmulgee County is within the Eastern District of the United States District Court of Oklahoma and venue is appropriate in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

-1-

## STATEMENT OF FACTS

6.    Plaintiff, an adult female, was employed by the Defendant as a Transportation Equipment Operator from around March 18, 2013 until around January 15, 2014.

7.    Plaintiff was the only female in her department of about twelve people.

8.    Plaintiff was discriminated against by the men in her department.  For instance, Plaintiff's supervisors, would address male employees by their names, but address the Plaintiff as "Hey you".  Mr. Christian and other male employees would yell at the Plaintiff and curse at her, but treat male employees much more favorably. The men, including Plaintiff's supervisors, conversed and laughed together while shunning the Plaintiff.

9.    During this period, Plaintiff's supervisor, Wade Poindexter, told Plaintiff, "these guys are trying to get you fired."

10.    Around October, 2013 Plaintiff made a complaint of gender discrimination to Jaclyn Smith (Human Resources).

11.    Plaintiff also told Ms. Smith that the males at the facility were trying to get her fired because they did not want to work with a woman. In response, Ms. Smith acknowledged that Plaintiff felt discriminated against, and told Plaintiff about another female employee who was given "a hard time" by some of Defendant's male employees.

12.    After Plaintiff's complaint to Ms. Smith the discrimination continued.

13.    Around January 2, 2014 Plaintiff made a written complaint of gender discrimination to her supervisor, Wade Poindexter.

14.    Around January 3, 2014 Plaintiff gave a copy of the written complaint to Ms. Smith.

15.    Plaintiff was terminated around January 15, 2014.

16.    The stated reasons for Plaintiff's termination included that she put her complaint of gender discrimination in writing.

17.    Defendant's claim that Plaintiff was terminated for putting her complaint of gender discrimination in writing, which constitutes direct evidence of discrimination.

18.    At the least, motivating factors in the decision to terminate the Plaintiff include her gender and/or complaints of gender discrimination.

19.    As a direct result of the termination, the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages including worry, frustration, sadness and similar unpleasant emotions.

20.    Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination around February 10, 2014.  The EEOC issued Plaintiff her right to sue letter on July 17, 2014 and Plaintiff received such letter thereafter.  This complaint is timely filed within ninety days of Plaintiff's receipt of her right to sue letter.  Plaintiff has filed a notice of tort claim.  She intends to assert a claim for violation of Oklahoma's constitutional prohibition of gender discrimination upon exhausting her remedies through the OGTCA.

## <u>COUNT I</u>

For this Count Plaintiff incorporates all prior allegations and further alleges.

21.    Termination motivated by Plaintiff's gender, and retaliation for Plaintiff's complaints of gender discrimination, violate Title VII and the OADA.

22.    Under this Count, Plaintiff is entitled to compensation for her lost wages (including back, present and front pay along with the value of benefits associated with such wages), emotional distress/dignitary harm and attorney fees and costs.  Plaintiff is also entitled to liquidated damages under the state law claim.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered together with liquidated damages, attorneys' fees, costs, and interest, and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 18th DAY OF SEPTEMBER, 2014.**

> HAMMONS, GOWENS, HURST
> & ASSOCIATES
>
> s/Amber L. Hurst
> _____
> Mark Hammons, OBA No. 3784
> Amber L. Hurst, OBA No. 21231
> HAMMONS, GOWENS, HUST
>    & ASSOCIATES
> 325 Dean A. McGee Avenue
> Oklahoma City, Oklahoma 73102
> Telephone:  (405) 235-6100
> Facsimile:  (405) 235-6111
> Email: Amberh@hammonslaw.com
> *Counsel for Plaintiff*
> JURY TRIAL DEMANDED
> ATTORNEY'S LIEN CLAIMED